UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

FRANK FRAZETTA,

                      Plaintiff,

-against-

VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK,

                      Defendants.

-----------------------------------------------------------------x

08 CIV. 6670
CIVIL ACTION

Case No.:

JUDGE KARAS

### Notice of Removal of State Court Action to U.S. District Court

PLEASE TAKE NOTICE, that the defendants, VANGUARD PRODUCTIONS and J. DAVID SPURLOCK, (hereinafter "VANGUARD"), through its undersigned counsel hereby files this Notice of Removal pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1132(a) (1). VANGUARD hereby removes to the Southern District Federal Court of New York all claims and causes of action in the civil action styled **Frank Frazetta v. VanGuard Productions and J. David Spurlock**, Index No. 107754/08 now pending in the New York State Supreme Court, New York County.

The grounds for removal are as follows:

    1.    The plaintiff is a resident of Pennsylvania.

    2.    Defendant, VANGUARD, is a New Jersey business entity.

    3.    The District Court has subject matter jurisdiction over the State Court Action and the claims and causes of action therein pursuant to 28 U.S.C. 1132 (a) (1) in that there is complete diversity of citizenship and the amount in controversy is over $75,000.00.

4. Defendants expressly reserve the right to raise all defenses and objections to the State Court Action after it is removed to the District Court.

DATED: White Plains, New York
July 25, 2008

        Yours, etc.,

        **PENINO & MOYNIHAN, LLP**

BY: *[signature]*

**PATRICK C. CARROLL (PCC-1971)**
Attorneys for Defendants
180 East Post Road, Suite 300
White Plains, New York 10601
(914) 949-6996
Our File No. 12-1487

TO: **LAW OFFICES OF TED KESSLER**
Attorney for Plaintiff
302 Fifth Avenue, 8th Floor
New York, NY 10001
(212) 477-3200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRANK FRAZETTA,

                     Plaintiff,

   -against-

VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK,

                     Defendants.
------------------------------------------------------------------X

CIVIL ACTION

Case No.:

### Notice of Removal of State Court Action to U.S. District Court

PLEASE TAKE NOTICE, that the defendants, VANGUARD PRODUCTIONS and J. DAVID SPURLOCK, (hereinafter "VANGUARD"), through its undersigned counsel hereby files this Notice of Removal pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1132(a) (1). VANGUARD hereby removes to the District Court of New York all claims and causes of action in the civil action styled **Frank Frazetta v. VanGuard Productions and J. David Spurlock**, Index No. 107754/08 now pending in the New York State Supreme Court, New York County.

The grounds for removal are as follows:

    1.    The plaintiff is a resident of Pennsylvania.

    2.    Defendant, VANGUARD, is a New Jersey ~~Corporation~~ [business entity]

    3.    The District Court has subject matter jurisdiction over the State Court Action and the claims and causes of action therein pursuant to 28 U.S.C. 1132 (a) (1) in that there is complete diversity of citizenship and the amount in controversy is over $75,000.00.



4. ~~VANGUARD~~ Defendants expressly reserves the right to raise all defenses and objections to the State Court Action after it is removed to the District Court.

DATED:   White Plains, New York
         July 25, 2008

                              Yours, etc.,

                              **PENINO & MOYNIHAN, LLP**

                          BY:_____
                            **PATRICK C. CARROLL (PCC-1971)**
                            Attorneys for Defendants
                            180 East Post Road, Suite 300
                            White Plains, New York 10601
                            (914) 949-6996
                            Our File No. 12-1487

TO:   **LAW OFFICES OF TED KESSLER**
      Attorney for Plaintiff
      302 Fifth Avenue, 8th Floor
      New York, NY 10001
      (212) 477-3200

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF NEW YORK<br>-----------------------------------------------------------x<br>FRANK FRAZETTA,<br>                Plaintiff,<br><br>    - against -<br><br>VANGUARD PRODUCTIONS and<br>J. DAVID SPURLOCK,<br>                Defendants,<br><br>-----------------------------------------------------------x | Index No.:107754-08<br>Date Purchased:<br>June 4, 2008<br><br>**VERIFIED<br>COMPLAINT** |

Plaintiff, FRANK FRAZETTA, by and through his attorneys, **THE LAW OFFICE OF TEDD KESSLER, P.C.**, as and for his Verified Complaint, at all times hereinafter mentioned, upon information and belief, alleges:

### Nature of Case

This is an action for violation of New York Civil Rights §§50 and 51 and commission of various tortuous acts, including, but not limited to, appropriation of Frazetta's good name and goodwill, fraud and tortuous interference with business and contracts.

### The Parties

1. Plaintiff FRANK FRAZETTA is a Pennsylvania citizen and world-famous artist who is considered among the twentieth century's most influential and well-known artists.

2. Defendant VANGUARD PRODUCTIONS (hereinafter referred to as "Vanguard") is a New Jersey company which does business in the State of New York.



1

3. Defendant DAVID SPURLOCK does business as Vanguard.

4. Vanguard is in the book publishing business.

## The Publication

5. Vanguard intends to or has published a book entitled, "FRAZETTA DEFINITIVE REFERENCE" (hereinafter referred to as "the book").

6. The book features the artwork of Frank Frazetta and bears his trademark signature on its cover.

7. An application for trademark registration of Frank Frazetta signature has been filed with the Trademark Office.

8. Beginning with, on or about April 2008, and continuously thereafter, the defendants, knowingly and without the written consent of the plaintiff, and contrary to the provisions of N.Y. Civ. Rights Law §§ 50 and 51, used plaintiff's name for advertising and trade purposes in the State of New York and elsewhere in connection with the defendant's said business.

9. During said period the defendants, their agents, servants, employees, wholesalers, distributors and retailers, without plaintiff's consent, caused to be generally circulated and published in and throughout the State of New York and elsewhere, certain literature, circulars or matter, in print and electronic form, prominently using the plaintiff's name in advertising the book.

10. The defendants therein stated that the plaintiff endorsed defendant's product, the book, knowing such statements were contrary to fact and without plaintiff's consent.

11. The statements (hereinafter referred to as "endorsement") defendants released in pursuit of sales for the book is as follows,

***"ENDORSED BY FRAZETTA HIMSELF!" AND/OR***

***"ENDORSED BY THE ARTIST HIMSELF!"***

12. A small sample of such true electronic literature, circulars and matter is hereto annexed, marked "Exhibit A" and made a part hereof as if at length set forth herein.

13. Plaintiff, Frank Frazetta, never consented to the use of his name in defendants' advertisements.

14. That there is no agreement, oral or written, between Vanguard and Frank Frazetta regarding publication of the book or use of Plaintiff, Frank Frazetta's name or endorsement.

15. Defendants expect or should reasonably expect their acts to have consequences in the State of New York. Additionally, defendants committed tortious acts without New York which caused and are causing injury to plaintiffs within New York; said defendants regularly do and solicit business in New York, and each of them derives substantial revenue from goods used or consumed or services rendered in the State of New York.

16. Defendants maintain a place of business in New York County at the Big Apple Conventions and ComiCon.

17. Defendants' conduct has been reckless, willful and wanton.

18. Defendants have acted knowingly, willfully and in bad faith.

## As and for a First Cause of Action

19. Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 18 hereof with the same force and effect as if herein set forth at length.

20. Defendants, though their conduct described herein, have made material misrepresentations of fact in the furtherance of their interests.

21. Defendants knew that the statement attributed to plaintiff was false.

22. Defendants intentionally made such statement so that wholesalers, distributors, retailers and the buying public would rely on such false statement.

23. That wholesalers, distributors, retailers, the buying public and others have relied on said statement, such reliance being reasonable.

24. As a result of Defendants' fraudulent conduct, plaintiff has been damaged in the amount of $2 million.

## As and for a Second Cause of Action

25. Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 24 hereof with the same force and effect as if herein set forth at length.

26. The use by defendants of plaintiff's name and personality for advertising purposes and for purposes of trade was without the consent, written or oral, of plaintiff or anyone authorized by him to give such consent, was entirely unauthorized, and constitutes a violation of Section 50 of the Civil Rights Law of the State of New York.

27. Defendants have failed and refused to cease the use of plaintiff Frank Frazetta's name in their advertising.

28. By reason of the premises, plaintiff has been and is greatly distressed and humiliated, has been exposed to public ridicule and contempt; and the plaintiff has been greatly injured in his reputation and plaintiff has been otherwise greatly injured; and the defendant has been unjustly enriched by unlawful use of the plaintiff's name and reputation as an artist.

29. By reason of the foregoing, plaintiff has sustained damages in the amount of $2 million.

## As and for a Third Cause of Action

30. Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 29 hereof with the same force and effect as if herein set forth at length.

31. If defendants are permitted to continue to use plaintiff Frank Frazetta's name and personality in connection with the manufacture, distribution, advertising, promotion and sale of the book, plaintiff Frank Frazetta will be irreparably damaged in a manner and to an extent not compensable in money damages, and plaintiff Frank Frazetta has no adequate remedy at law.

32. Defendants have acted knowingly, willfully and in bad faith.

33. By reason of the foregoing and pursuant to <u>Section 51 of the Civil Rights Law of the State of New York</u>, plaintiff Frank Frazetta demands that defendants be permanently and forever enjoined and restrained from using his name or any part thereof in the manufacture, distribution, promotion or sale of the aforesaid book or any other item.

### As and for a Fourth Cause of Action

34. Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 33 hereof with the same force and effect as if herein set forth at length.

35. Defendants have published false and defamatory statements of fact concerning Plaintiff with the intent to injure Plaintiff in his business, trade or profession, and with ill will, knowledge of falsity, and reckless disregard for the truth.

36. The Defendants' statements have impugned the basic integrity of Plaintiff and his business.

37. As a result of the foregoing, Plaintiff has incurred damages in the amount of $2 million.

### As and for a Fifth Cause of Action

38. Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 37 hereof with the same force and effect as if herein set forth at length.

39. Plaintiff has contracts with publishers, including but not limited to Frazetta Prints, Underwood Publishing and Spectrum.

40. Defendants knew or should have known of the contracts between Plaintiff and publishers, especially in light of the facts that books, including, <u>Rough Works,</u> was published on or about January, 2008, and new editions of <u>Icon</u>, <u>Legacy</u> and <u>Testament</u> were published on or about April 27, 2008. These books feature art by Frank Frazetta. It is believed that the book will feature art from these books for which consent has never been obtained.

41. Defendants, intentionally, by way of fraud, misrepresentation, and deceit, improperly interfered in Plaintiff's contracts as cited herein.

42. The interference with said contracts, which Defendants did cause, has resulted in financial damage to Plaintiff herein, including, *inter alia*, attorney fees, lost profits and harm to reputation in an amount to be determined at trial.

### As and for a Sixth Cause of Action

43. Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 42 hereof with the same force and effect as if herein set forth at length.

44. At all relevant times, Defendant was aware of the business relations between Plaintiff, his publisher, admirers, fans, artists, customers and potential customers.

45. Despite such knowledge, Defendant purposely, wrongfully and/or unlawfully interfered with Plaintiff's business relations, by, for example, intentionally making false statements attributed to Plaintiff and using Plaintiff's talents and works for defendants' own purposes.

46. By reason of the premises, plaintiff has been and is greatly distressed and humiliated, has been exposed to public ridicule and contempt; and the plaintiff has been greatly injured in his reputation and plaintiff has been otherwise greatly injured; and the defendant has been unjustly enriched by unlawful use of the plaintiff's name and reputation as an artist.

47. By reason of the foregoing, plaintiff has sustained damages in the amount of $2 million.

### As and for a Seventh Cause of Action

48. Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 47 hereof with the same force and effect as if herein set forth at length.

49. Due to the foregoing, defendants have committed Prima *Facie* torts, thus damaging plaintiff in the amount of $2 million.

WHEREFORE, plaintiff demands,

1. An order permanently enjoining defendant from using the name, image or likeness or any reference to Frank Frazetta;

2. Compensatory damages of *$2,000,000*;

3. Exemplary damages of *$500,000*;

8

4. Other damages to be proven at trial;

5. Requiring defendants to account to plaintiff for all proceeds derived from their wrongful conduct; and

6. Such other and further relief as to the Court may seem just and proper under all the circumstances, including, but not limited to, plaintiff's costs and attorney's fees in this action.

Dated:   New York, New York
         July 4, 2008

_____
The Law Office of Tedd Kessler, PC.
Attorneys for Plaintiff
302 Fifth Ave. - 8th floor
New York, N.Y. 10001
(212) 477-3200

c:\tkdata\fritz vanguard\vanguardcomplaint final.doc