UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

FRANK FRAZETTA,                                                 Index No.: 08 CIV. 6670

                                    Plaintiff(s)        **AMENDED
            -against-                                    NOTICE OF
                                                         REMOVAL**

VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK,

                            Defendant(s).

------------------------------------------------------------------X


## AMENDED NOTICE OF REMOVAL
## OF STATE COURT ACTION TO U.S. DISTRICT COURT


PLEASE TAKE NOTICE, that Defendant VANGUARD PRODUCTIONS, through the

undersigned counsel, files this Notice of Removal, with Defendant J. DAVID SPURLOCK,[1]

pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, 28 U.S.C. § 1332(a)(1), F.R.C.P Rules 11 and 81(c),

and Local Civil Rule 81.1., and Notices its' Removal to the Southern District Federal Court of New

York, of all claims and causes of action in the civil action styled FRANK FRAZETTA v.

VANGUARD PRODUCTIONS and J. DAVID SPURLOCK, Index No. 107754/08, pending in New

York State Supreme Court, New York County, as follows:

**I.    State Court Action**

1.    FRANK FRAZETTA commenced the State Court action by purchasing Index No.

107754/08 on June 4, 2008.

---

[1] J. David Spurlock has not been served with either Summons or Complaint in this matter, but would join
in the removal of this action had service been effected.

2.    VANGUARD PRODUCTIONS was served with a 'Summons With Notice' as attached, without Complaint, in New York County, New York, on June 7, 2008.

3.    J. DAVID SPURLOCK has not been served with either Summons or Complaint.

4.    Undersigned counsel served a 'Notice of Appearance and Demand for Complaint' upon plaintiff's counsel, as attached, on June 24, 2008.  The plaintiff's verified complaint, was served upon VANGUARD PRODUCTIONS via the undersigned on July 14, 2008. The Complaint states a claim for damages putting Defendants on notice that the amount sought to be recovered exceeds $75,000.

5.    Other than the stated 'Notice of Appearance and Demand for Complaint', VANGUARD PRODUCTIONS has not served an Answer, Pleading, Motion, or other Paper in the State Court action.

## II.    Federal Diversity Jurisdiction

6.    The Court has subject matter jurisdiction over the State Court action and the claims of action set forth therein pursuant to 28 U.S.C. § 1332(a)(1), diversity of citizenship of the parties for claims seeking recovery of damages alleged exceeding the jurisdictional amount of $75,000.

7.    Venue is properly laid in this Court pursuant to 28 U.S.C. §1391(a)(2), as the Southern District of New York is the judicial district in which the underlying claim was commenced in State Court.

8.    The action may be removed to this Court pursuant to the provisions of 28 U.S.C.A. § 1441(a) and 28 U.S.C.A. § 1446(b), as thirty days have not expired since this action became removable to this Court on the 14th day of July, 2008.

9.    Defendant's Notice of Removal of this action, filed July 28, 2008, in this Court [D.E. 1], was timely filed and the appropriate fee paid within the thirty (30) days allotted after the receipt of the Complaint notifying Defendants of the jurisdictional amount.

10.    The Court for the New York State Supreme Court, New York County has been Notified that Notice of Removal was filed, a copy of which is attached hereto.

11.    FRANK FRAZETTA is a Pennsylvania citizen residing in Monroe County.

12.    VANGUARD PRODUCTIONS is a New Jersey business entity whose principal place of business is in Hunterdon County.

13.    J. DAVID SPURLOCK is a citizen of New Jersey residing in Hunterdon County.

14.    The Complaint, as attached, seeks to recover damages from Defendants exceeding the jurisdictional amount of $75,000, exclusive of attorneys fees and costs as to each Defendant.

15.    Plaintiff FRANK FRAZETTA has been Notified in writing of the Notice of Removal, a copy of which is attached hereto.

## III.    **Relief Requested**

Defendant VANGUARD PRODUCTIONS requests the United States District Court for the Southern District of New York issue such orders and process as are necessary to preserve its jurisdiction over this matter, and  reserves the right to raise all defenses and objections to the State Court Action after removal to the District Court, as does J. DAVID SPURLOCK, if and when he may be served with Summons and Complaint.

DATED:     August 4, 2008
            White Plains, New York

Respectfully Submitted,

PENINO & MOYNIHAN, LLP

                                                 /s/:

PATRICK C. CARROLL (PCC-1971)
*Attorneys for Defendants*
180 East Post Road, Suite 300
White Plains, New York 10601
T+ (914) 949-6996
F+ (914) 949-6203
Email: conpen.pcarroll@gmail.com


TO:    LAW OFFICE OF TED KESSLER
       Attorney for Plaintiff
       302 Fifth Avenue, 8th Floor
       New York, NY 10001
       (212) 477-3200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
FRANK FRAZETTA,

                        Plaintiff,

        - against -

VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK,

                   Defendants,

---------------------------------------------------------------x
To the above named Defendants,

Index No.:107754-08
Date Purchased:
June 4, 2008

Plaintiff designates
New York
County as the place of
trial

The basis of the venue is
CPLR §509

**SUMMONS WITH
NOTICE**

Defendant resides at
186 Center St.
Clinton, NJ 08809

     YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York). In the event that you fail to appear and/or answer a judgment will be taken against you by default for the relief demanded in the complaint.

NOTICE:  The nature of this action is misappropriation of name and goodwill and violation of Civil Rights §§50 and 51.

The relief sought is a sum greater than the jurisdictional amount of any other court able to hear and adjudicate this matter.

Upon your failure to appear, judgment will be taken against you by default, and an assessment of damages will be taken by the court.

Dated:     New York, New York
           June 3, 2008

                                 The Law Office of Tedd Kessler, PC.
                                 Attorneys for Plaintiff
                                 302 Fifth Ave. - 8th floor
                                 New York, N.Y. 10001
                                 (212) 477-3200

Defendants' Address:
186 Center St.
Suite 200
Clinton, NJ 08809

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK.
-------------------------------------------------------------------X
FRANK FRAZETTA,

                           Plaintiff(s)

         -against-

VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK

                        Defendants.
-------------------------------------------------------------------X

Index No. 107754-08

NOTICE OF
APPEARANCE AND
DEMAND FOR
COMPLAINT

**S I R S:**

    **PLEASE TAKE NOTICE,** that the defendants, **VANGUARD PRODUCTIONS**

**AND J. DAVID SPURLOCK**, hereby appears in the above-entitled action, and that the

undersigned has been retained as attorneys for said defendant and demands that a copy of

the Complaint and all papers in this action be served upon the undersigned at the office and

post office address stated below.  Please be advised that in the event you fail to serve a

Complaint within twenty (20) days, the undersigned will seek dismissal of this action.

DATED:  White Plains, New York
          June 24, 2008

                         Yours, etc.,

                         **STEPHEN J. PENINO**
                         **PENINO & MOYNIHAN, LLP**
                         Attorneys for Defendant
                         **VANGUARD PRODUCTIONS**
                         180 East Post Road – Suite 300
                         White Plains, New York 10601
                         (914) 949-6996
                         Our File No.: 12-1487

**AFFIDAVIT OF SERVICE**

**STATE OF NEW YORK**        :

                                :ss.:

**COUNTY OF WESTCHESTER**    :

      **Nicole West,** being duly sworn, deposes and says:  that deponent is not a party to this action, is over the age of 18 and resides at Carmel, New York.

      That on the **24th day of June, 2008**, deponent served the within **Notice of Appearance and Demand for Complaint** upon:

**THE LAW OFFICE OF TEDD KESSLER, P.C.**
302 Fifth Ave. 8th Floor
New York, NY 10001
(212) 477-3200

by depositing the same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

**NICOLE WEST**

**Sworn to before me this 24th day of June, 2008**

**Notary Public**

STEPHEN J. PENINO
Notary Public, State of New York
No. 4895563
Qualified in Westchester County
Commission Expires 4/24/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:107754-08
Date Purchased:
June 4, 2008

--------------------------------------------------------------------x

FRANK FRAZETTA,

Plaintiff,

**VERIFIED
COMPLAINT**

- against -

VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK,

Defendants,

--------------------------------------------------------------------x

Plaintiff, FRANK FRAZETTA, by and through his attorneys, **THE LAW OFFICE OF TEDD KESSLER, P.C.,** as and for his Verified Complaint, at all times hereinafter mentioned, upon information and belief, alleges:

### Nature of Case

This is an action for violation of New York Civil Rights §§50 and 51 and commission of various tortuous acts, including, but not limited to, appropriation of Frazetta's good name and goodwill, fraud and tortuous interference with business and contracts.

### The Parties

1.     Plaintiff FRANK FRAZETTA is a Pennsylvania citizen and world-famous artist who is considered among the twentieth century's most influential and well-known artists.

2.     Defendant VANGUARD PRODUCTIONS (hereinafter referred to as "Vanguard") is a New Jersey company which does business in the State of New York.

1



3.    Defendant DAVID SPURLOCK does business as Vanguard.

4.    Vanguard is in the book publishing business.

### The Publication

5.    Vanguard intends to or has published a book entitled, "FRAZETTA DEFINITIVE REFERENCE" (hereinafter referred to as "the book").

6.    The book features the artwork of Frank Frazetta and bears his trademark signature on its cover.

7.    An application for trademark registration of Frank Frazetta signature has been filed with the Trademark Office.

8.    Beginning with, on or about April 2008, and continuously thereafter, the defendants, knowingly and without the written consent of the plaintiff, and contrary to the provisions of N.Y. Civ. Rights Law §§ 50 and 51, used plaintiff's name for advertising and trade purposes in the State of New York and elsewhere in connection with the defendant's said business.

9.    During said period the defendants, their agents, servants, employees, wholesalers, distributors and retailers, without plaintiff's consent, caused to be generally circulated and published in and throughout the State of New York and elsewhere, certain literature, circulars or matter, in print and electronic form, prominently using the plaintiff's name in advertising the book.

10.    The defendants therein stated that the plaintiff endorsed defendant's product, the book, knowing such statements were contrary to fact and without plaintiff's consent.

2

11.    The statements (hereinafter referred to as "endorsement") defendants released in pursuit of sales for the book is as follows,

### *"ENDORSED BY FRAZETTA HIMSELF!" AND/OR*

### *"ENDORSED BY THE ARTIST HIMSELF!"*

12.    A small sample of such true electronic literature, circulars and matter is hereto annexed, marked "Exhibit A" and made a part hereof as if at length set forth herein.

13.    Plaintiff, Frank Frazetta, never consented to the use of his name in defendants' advertisements.

14.    That there is no agreement, oral or written, between Vanguard and Frank Frazetta regarding publication of the book or use of Plaintiff, Frank Frazetta's name or endorsement.

15.    Defendants expect or should reasonably expect their acts to have consequences in the State of New York.  Additionally, defendants committed tortious acts without New York which caused and are causing injury to plaintiffs within New York; said defendants regularly do and solicit business in New York, and each of them derives substantial revenue from goods used or consumed or services rendered in the State of New York.

16.    Defendants maintain a place of business in New York County at the Big Apple Conventions and ComiCon.

17.    Defendants' conduct has been reckless, willful and wanton.

18.    Defendants have acted knowingly, willfully and in bad faith.

3

### As and for a First Cause of Action

19.    Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 18 hereof with the same force and effect as if herein set forth at length.

20.    Defendants, though their conduct described herein, have made material misrepresentations of fact in the furtherance of their interests.

21.    Defendants knew that the statement attributed to plaintiff was false.

22.    Defendants intentionally made such statement so that wholesalers, distributors, retailers and the buying public would rely on such false statement.

23.    That wholesalers, distributors, retailers, the buying public and others have relied on said statement, such reliance being reasonable.

24.    As a result of Defendants' fraudulent conduct, plaintiff has been damaged in the amount of $2 million.

### As and for a Second Cause of Action

25.    Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 24 hereof with the same force and effect as if herein set forth at length.

26.    The use by defendants of plaintiff's name and personality for advertising purposes and for purposes of trade was without the consent, written or oral, of plaintiff or anyone authorized by him to give such consent, was entirely unauthorized, and constitutes a violation of Section 50 of the Civil Rights Law of the State of New York.

4

27.    Defendants have failed and refused to cease the use of plaintiff Frank Frazetta's name in their advertising.

28.    By reason of the premises, plaintiff has been and is greatly distressed and humiliated, has been exposed to public ridicule and contempt; and the plaintiff has been greatly injured in his reputation and plaintiff has been otherwise greatly injured; and the defendant has been unjustly enriched by unlawful use of the plaintiff's name and reputation as an artist.

29.    By reason of the foregoing, plaintiff has sustained damages in the amount of $2 million.

## As and for a Third Cause of Action

30.    Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 29 hereof with the same force and effect as if herein set forth at length.

31.    If defendants are permitted to continue to use plaintiff Frank Frazetta's name and personality in connection with the manufacture, distribution, advertising, promotion and sale of the book, plaintiff Frank Frazetta will be irreparably damaged in a manner and to an extent not compensable in money damages, and plaintiff Frank Frazetta has no adequate remedy at law.

32.    Defendants have acted knowingly, willfully and in bad faith.

33.     By reason of the foregoing and pursuant to Section 51 of the Civil
Rights Law of the State of New York, plaintiff Frank Frazetta demands that
defendants be permanently and forever enjoined and restrained from using his name
or any part thereof in the manufacture, distribution, promotion or sale of the
aforesaid book or any other item.

## As and for a Fourth Cause of Action

34.     Plaintiff FRANK FRAZETTA repeats and realleges each and every
allegation contained in paragraphs 1 through 33 hereof with the same force and
effect as if herein set forth at length.

35.     Defendants have published false and defamatory statements of fact
concerning Plaintiff with the intent to injure Plaintiff in his business, trade or
profession, and with ill will, knowledge of falsity, and reckless disregard for the
truth.

36.     The Defendants' statements have impugned the basic integrity of
Plaintiff and his business.

37.     As a result of the foregoing, Plaintiff has incurred damages in the
amount of $2 million.

## As and for a Fifth Cause of Action

38.     Plaintiff FRANK FRAZETTA repeats and realleges each and every
allegation contained in paragraphs 1 through 37 hereof with the same force and
effect as if herein set forth at length.

6

39.     Plaintiff has contracts with publishers, including but not limited to Frazetta Prints, Underwood Publishing and Spectrum.

40.     Defendants knew or should have known of the contracts between Plaintiff and publishers, especially in light of the facts that books, including, Rough Works, was published on or about January, 2008, and new editions of Icon, Legacy and Testament were published on or about April 27, 2008. These books feature art by Frank Frazetta. It is believed that the book will feature art from these books for which consent has never been obtained.

41.     Defendants, intentionally, by way of fraud, misrepresentation, and deceit, improperly interfered in Plaintiff's contracts as cited herein.

42.     The interference with said contracts, which Defendants did cause, has resulted in financial damage to Plaintiff herein, including, *inter alia*, attorney fees, lost profits and harm to reputation in an amount to be determined at trial.

## As and for a Sixth Cause of Action

43.     Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 42 hereof with the same force and effect as if herein set forth at length.

44.     At all relevant times, Defendant was aware of the business relations between Plaintiff, his publisher, admirers, fans, artists, customers and potential customers.

45.    Despite such knowledge, Defendant purposely, wrongfully and/or unlawfully interfered with Plaintiff's business relations, by, for example, intentionally making false statements attributed to Plaintiff and using Plaintiff's talents and works for defendants' own purposes.

46.    By reason of the premises, plaintiff has been and is greatly distressed and humiliated, has been exposed to public ridicule and contempt; and the plaintiff has been greatly injured in his reputation and plaintiff has been otherwise greatly injured; and the defendant has been unjustly enriched by unlawful use of the plaintiff's name and reputation as an artist.

47.    By reason of the foregoing, plaintiff has sustained damages in the amount of $2 million.

### As and for a Seventh Cause of Action

48.    Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 47 hereof with the same force and effect as if herein set forth at length.

49.    Due to the foregoing, defendants have committed Prima *Facie* torts, thus damaging plaintiff in the amount of $2 million.

WHEREFORE, plaintiff demands,

1.    An order permanently enjoining defendant from using the name, image or likeness or any reference to Frank Frazetta;

2.    Compensatory damages of *$2,000,000*;

3.    Exemplary damages of *$500,000*;

8

4.      Other damages to be proven at trial;

5.      Requiring defendants to account to plaintiff for all proceeds derived
from their wrongful conduct; and

6.      Such other and further relief as to the Court may seem just and proper
under all the circumstances, including, but not limited to, plaintiff's costs and
attorney's fees in this action.

Dated:      New York, New York
            July 4, 2008

            The Law Office of Tedd Kessler, PC.
            Attorneys for Plaintiff
            302 Fifth Ave. - 8th floor
            New York, N.Y. 10001
            (212) 477-3200

c:\tkdata\fritz vanguard\vanguardcomplaint final.doc

9

# Frazetta: The Definitive Reference



*\* The most comprehensive index of the artist's work ever published!*

*\* Commentary by top Frazetta experts and collectors.*

*\* Dozens of rare images, including Conan, Tarzan, John Carter of Mars, more!*

*\* Fantastic reference for artists, great entertainment for fans.*

The work of Frank Frazetta--THE greatest heroic-fantasy artist of all time--has influenced generations of artists, fans, designers, and movie directors. Now more than 800 of his unforgettable images have been collected in Frazetta, a tribute to this great visionary.

With essays by experts and collectors, this one-of-a-kind volume traces the entire arc of Frazetta's career. From his early 1950s comics; to his breathtaking book covers featuring Tarzan, Pellucidar, King Kong, and John Carter of Mars; to his 1960s monster mags, including *Creepy, Eerie,* and *Vampirella;* to his major movie posters, including *After the Fox, The Night They Raided Minsky's* and *Whats New Pussycat?;* and, of course, his revolutionary Conan paintings--its all here. Endorsed by the artist, *Frazetta - The Definitive Reference* overflows with fantastic images, an index of every published Frazetta work and insightful commentary on this fantasy-art icon.

by James A. Bond
Dr. David Winiewicz

Compiled by James A. Bond (no relation to the international spy) is a lifetime collector of Frank Frazettas zwork. He lives in Toledo, Ohio.

Edited by J. David Spurlock, an artist and historian, has written and edited many books on fantasy art and pop culture. He lives in Clinton, NJ.

Andrew Steven is a specialty-clothing designer and renowned art collector who lives in New York City.

Dr. David Winiewicz, a noted scholar and collector of the works of Frank Frazetta, and close personal friend of the artist. He lives in Las Vegas.

**DELUXE Limited Edition Slipcased Hardcover**
o 978-1934331-10-1
o 200 pages
o More than 400 color illustrations

**Hardcover Edition**
• 978-1-934331-09-5
• 200 pages
• More than 400 color illustrations

**Softcover Edition**
• ISBN-13: 978-1934331-08-8
• 200 pages
• More than 400 color illustrations

- o More than 400 black-and-white illustrations
- o $59.95 (+ $6.95 U.S. S/H)

- • More than 400 black-and-white illustrations
- • $39.95/$49.95 CN (+ $6.95 U.S. S/H)

- • More than 400 black-and-white illustrations
- • $29.95 (+ $6.95 U.S. S/H)

Hardcover ships July 2008. Deluxe and Softcover editions ship August, 2008

Fill out the ORDER FORM and send with payment to:

**Vanguard Productions**
**186 Center Street Suite 200**
**Clinton, NJ 08809**

Email Vanguard Productions

| Vanguard Home Page |

Copyright © 2008 Vanguard Productions. All rights reserved.

# kringle's place

Frazetta: Definitive Reference HC - Westfield Comics                    Page 1 of 2

Home  |  Log in  |  My Account            (not logged in)              Shopping Cart





Since 1979

    

Search
[ Search ]
New Items Only
Search Descriptions
<Advance Search>

**Choose your Section**

**Pre-Order Items**
Westfield Picks
Specials
1st Issues & Zeros
WoW Catalog (MAY08)
 - Catalogs
 - DC
 - Marvel
 - Dark Horse
 - D.E.
 - IDW
 - Image Comics
 - Other Comics Pub.
 - Anime/Manga
 - Books
 - Cool Stuff
DC Comics
Marvel Comics
Dark Horse
Image Comics
Dynamite Ent
Tokyopop
Viz
Other Comics
Anime/Manga
Books/Mags
2009 Calendars
Collectibles/Toys
TV/Movie Properties
DVD & Audio
Young Readers
For Girls to Grrlz
Adults
All Pre-Order Product

**Back Issue Comics**

**Graphic Novels, Manga, Books**

**DVDs**

**Toys**

**Other**

**Supplies**

Home :: Pre-Order Items :: WoW Catalog (MAY08)

PREVIOUS          PRODUCT LIST          NEXT


MAY 08
PRE-ORDER ITEMS
NOW AVAILABLE

GET OUR
MONTHLY CATALOG
FREE
<Click Here>

### Frazetta: Definitive Reference HC

SRP: ~~39.95~~

Your Price: 39.00

TO CART

<click for larger view>

**Creators:** by James A. Bond and Dr. David Winiewicz

**Description:** Enter the world of Frank Frazetta with more than 800 illustrations! This is the most complete index of Frazetta artwork ever compiled, with commentary by top Frazetta experts, and dozens of rare images, including Conan, Tarzan, John Carter of Mars, and more! A fantastic reference for collectors and artists, it's also great entertainment for fans! The Definitive Reference also features essays and illustrated data that reflects on his early 1950s comics, his 1960s monster mags, Creepy, Eerie, Vampirella, his major movie posters, and his revolutionary Conan paintings. Endorsed by Frazetta himself! Available in a Standard Hardcover edition, as well as a Deluxe Limited Slipcased Hardcover edition.

| | |
|---|---|
| **Pages:** | 200 |
| **Size:** | 8x11 |
| **Format:** | Hardcover |
| **Publisher:** | Vanguard Productions |
| **Release Date:** | 2008-06-25 |
| **Color:** | Partial Color |
| **Item Number:** | APR084163 |


FREE SHIPPING !!
On Eligible Orders


BONUS DISCOUNTS

Shopping Cart

**No Items**
**$0.00**
[ Check Out ]

Most Popular Items:
WoW Catalog
(MAY08)

Secret Invasion #4
Final Crisis #3
Justice Society o...
Astonishing X-Men...
Batman #679
Justice League of...
Mighty Avengers #16
New Avengers #43
Thor #10
Detective Comics ...
Captain America #40
Green Lantern #33
Fantastic Four #559
Wolverine #67
Uncanny X-Men #500
X-Men: Legacy #214
Amazing Spider-Ma...
Amazing Spider-Ma...

Features &
Interviews



New: KC: Con
Stories 1

# PENINO & MOYNIHAN, LLP

### Attorneys at Law

Stephen J. Penino, Esq.
Patrick J. Moynihan, Esq.
Douglas Falch, Esq.
Steven J. Monn, Esq.*

Stephen L. Barry, Esq.
Patrick C. Carroll, Esq.*
Matthew Rego, Esq.
Noel L.C. Williams, Esq.
Heather Q. Wallace, Esq.*
Vinai C. Vinlander, Esq.**
Audrey D. Zwolski, Esq.*
Daniel W. Worontzoff, Esq.
Lorenzo L. Angelino, Esq.*
Henry L. Liao, Esq.
Richard E. Rowe Jr., Esq.
Scott D. Taffet, Esq.

Also admitted in CT  *
Also admitted in WI  **

180 East Post Road, Suite 300
White Plains, New York 10601

Telephone (914) 949-6996
Fax (914) 949-6203

Please Always Reply to White Plains Office

Vincent J. Aceste, Esq.
(Of Counsel)

**Long Island Location**

50 Charles Lindbergh Blvd.
Uniondale, NY 11553
(516) 229-2706

**Connecticut Location**

72 North St., Suite 303A
Danbury, CT 06810
(203) 739-0231

July 29, 2008

Attn: Clerk's Office
New York County Supreme Court
60 Centre Street
New York, New York 10007

     Re: Frazetta v. Vanguard Productions, et al
       State Index No.: 107754/08
       Federal Index No.: 08 CIV. 6670
       Our File No.:  12-1487

Dear Sir or Madam:

   Enclosed for filing please find defendants' Notice of Removal of State Court action to U.S. District Court and Rule 7.1 disclosure.  According to 28 U.S.C. §1446(d) the matter is effectively removed from the State Court and no further proceedings shall be had in the State Court.

   Would you kindly stamp the copy and return it in the enclosed self addressed stamped envelope.

           Very truly yours,

           Matthew Rego, Esq.

MR:gms
Encls.

# PENINO & MOYNIHAN, LLP

## Attorneys at Law

Stephen J. Penino, Esq.
Patrick J. Moynihan, Esq.
Douglas Falch, Esq.
Steven J. Monn, Esq.*

_____

Stephen L. Barry, Esq.
Patrick C. Carroll, Esq.*
Matthew Rego, Esq.
Noel L.C. Williams, Esq.
Heather Q. Wallace, Esq.*
Vinai C. Vinlander, Esq.**
Audrey D. Zwolski, Esq.*
Daniel W. Worontzoff, Esq.
Lorenzo L. Angelino, Esq.*
Henry L. Liao, Esq.
Richard E. Rowe Jr., Esq.
Scott D. Taffet, Esq.

Also admitted in CT  *
Also admitted in WI  **

180 East Post Road, Suite 300
White Plains, New York 10601

Telephone (914) 949-6996
Fax (914) 949-6203

Please Always Reply to White Plains Office

Vincent J. Aceste, Esq.
(Of Counsel)

**Long Island Location**

50 Charles Lindbergh Blvd.
Uniondale, NY 11553
(516) 229-2706

**Connecticut Location**

72 North St., Suite 303A
Danbury, CT 06810
(203) 739-0231

July 29, 2008

Law Office of Ted Kessler
302 Fifth Avenue, 8th Floor
New York, NY 10001

>        Re:    Frazetta v. Vanguard Productions, et al
>                State Index No.: 107754/08
>                Federal Index No.: 08 CIV. 6670
>                Our File No.:  12-1487

Dear Mr. Kessler:

Enclosed please find defendants' Notice of Removal of State Court action to U.S. District Court and Rule 7.1 disclosure.  According to 28 U.S.C. §1446(d) the matter is effectively removed from the State Court and no further proceedings shall be had in the State Court.

>                                Very truly yours,
>
>                                Matthew Rego, Esq.

MR:gms
Encls.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FRANK FRAZETTA,

                           Plaintiff,

         -against-

VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK,

                     Defendants.
-------------------------------------------------------------------X

**Case No.:**

08 CIV. 6670

JUDGE KARAS

### <u>Notice of Removal of State Court Action to U.S. District Court</u>

      PLEASE TAKE NOTICE, that the defendants, VANGUARD PRODUCTIONS and J. DAVID SPURLOCK, (hereinafter "VANGUARD"), through its undersigned counsel hereby files this Notice of Removal pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1132(a) (1). VANGUARD hereby removes to the Southern District Federal Court of New York all claims and causes of action in the civil action styled **Frank Frazetta v. VanGuard Productions and J. David Spurlock**, Index No. 107754/08 now pending in the New York State Supreme Court, New York County.

The grounds for removal are as follows:

      1.     The plaintiff is a resident of Pennsylvania.

      2.     Defendant, VANGUARD, is a New Jersey business entity.

      3.     The District Court has subject matter jurisdiction over the State Court Action and the claims and causes of action therein pursuant to 28 U.S.C. 1132 (a) (1) in that there is complete diversity of citizenship and the amount in controversy is over $75,000.00.

4.    Defendants expressly reserve the right to raise all defenses and objections to the State Court Action after it is removed to the District Court.

DATED:   White Plains, New York
              July 25, 2008

                              **Yours, etc.,**

                              **PENINO & MOYNIHAN, LLP**

                    BY: _____

                              **PATRICK C. CARROLL (PCC-1971)**
                              Attorneys for Defendants
                              180 East Post Road, Suite 300
                              White Plains, New York 10601
                              (914) 949-6996
                              Our File No. 12-1487


TO:    **LAW OFFICES OF TED KESSLER**
          Attorney for Plaintiff
          302 Fifth Avenue, 8th Floor
          New York, NY 10001
          (212) 477-3200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FRANK FRAZETTA,

                                 Plaintiff,

          -against-

VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK,

                           Defendants.
-----------------------------------------------------------------------X

**CIVIL ACTION**

**Case No.:**

### <u>Notice of Removal of State Court Action to U.S. District Court</u>

      PLEASE TAKE NOTICE, that the defendants, VANGUARD PRODUCTIONS and J.

DAVID SPURLOCK, (hereinafter "VANGUARD"), through its undersigned counsel hereby

files this Notice of Removal pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1132(a) (1).

VANGUARD hereby removes to the District Court of New York all claims and causes of

action in the civil action styled **Frank Frazetta v. Van Guard Productions and J. David**

**Spurlock**, Index No. 107754/08 now pending in the New York State Supreme Court, New

York County.

The grounds for removal are as follows:

      1.      The plaintiff is a resident of Pennsylvania.

      2.      Defendant, VANGUARD, is a New Jersey ~~Corporation~~ entity

      3.      The District Court has subject matter jurisdiction over the State Court Action

and the claims and causes of action therein pursuant to 28 U.S.C. 1132 (a) (1) in that there is

complete diversity of citizenship and the amount in controversy is over $75,000.00.

*Defendants*

4.    ~~VANGUARD~~ expressly reserves the right to raise all defenses and objections

to the State Court Action after it is removed to the District Court.

DATED:    White Plains, New York
          July 25, 2008

                         Yours, etc.,

                         PENINO & MOYNIHAN, LLP

              BY:_____

                         PATRICK C. CARROLL (PCC-1971)
                         Attorneys for Defendants
                         180 East Post Road, Suite 300
                         White Plains, New York 10601
                         (914) 949-6996
                         Our File No. 12-1487

TO:    LAW OFFICES OF TED KESSLER
       Attorney for Plaintiff
       302 Fifth Avenue, 8th Floor
       New York, NY 10001
       (212) 477-3200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:107754-08
Date Purchased:
June 4, 2008

------------------------------------------------------------------x

FRANK FRAZETTA,

                 Plaintiff,

         - against -

VANGUARD PRODUCTIONS and
J. DAVID SPURLOCK,

                 Defendants,

**VERIFIED
COMPLAINT**

------------------------------------------------------------------x

       Plaintiff, FRANK FRAZETTA, by and through his attorneys, **THE LAW OFFICE OF TEDD KESSLER, P.C.,** as and for his Verified Complaint, at all times hereinafter mentioned, upon information and belief, alleges:

### Nature of Case

       This is an action for violation of New York Civil Rights §§50 and 51 and commission of various tortuous acts, including, but not limited to, appropriation of Frazetta's good name and goodwill, fraud and tortuous interference with business and contracts.

### The Parties

       1.     Plaintiff FRANK FRAZETTA is a Pennsylvania citizen and world-famous artist who is considered among the twentieth century's most influential and well-known artists.

       2.     Defendant VANGUARD PRODUCTIONS (hereinafter referred to as "Vanguard") is a New Jersey company which does business in the State of New York.

1



3.    Defendant DAVID SPURLOCK does business as Vanguard.

4.    Vanguard is in the book publishing business.

**The Publication**

5.    Vanguard intends to or has published a book entitled, "FRAZETTA DEFINITIVE REFERENCE" (hereinafter referred to as "the book").

6.    The book features the artwork of Frank Frazetta and bears his trademark signature on its cover.

7.    An application for trademark registration of Frank Frazetta signature has been filed with the Trademark Office.

8.    Beginning with, on or about April 2008, and continuously thereafter, the defendants, knowingly and without the written consent of the plaintiff, and contrary to the provisions of N.Y. Civ. Rights Law §§ 50 and 51, used plaintiff's name for advertising and trade purposes in the State of New York and elsewhere in connection with the defendant's said business.

9.    During said period the defendants, their agents, servants, employees, wholesalers, distributors and retailers, without plaintiff's consent, caused to be generally circulated and published in and throughout the State of New York and elsewhere, certain literature, circulars or matter, in print and electronic form, prominently using the plaintiff's name in advertising the book.

10.    The defendants therein stated that the plaintiff endorsed defendant's product, the book, knowing such statements were contrary to fact and without plaintiff's consent.

2

11.    The statements (hereinafter referred to as "endorsement") defendants released in pursuit of sales for the book is as follows,

### *"ENDORSED BY FRAZETTA HIMSELF!" AND/OR*

### *"ENDORSED BY THE ARTIST HIMSELF!"*

12.    A small sample of such true electronic literature, circulars and matter is hereto annexed, marked "Exhibit A" and made a part hereof as if at length set forth herein.

13.    Plaintiff, Frank Frazetta, never consented to the use of his name in defendants' advertisements.

14.    That there is no agreement, oral or written, between Vanguard and Frank Frazetta regarding publication of the book or use of Plaintiff, Frank Frazetta's name or endorsement.

15.    Defendants expect or should reasonably expect their acts to have consequences in the State of New York.  Additionally, defendants committed tortious acts without New York which caused and are causing injury to plaintiffs within New York; said defendants regularly do and solicit business in New York, and each of them derives substantial revenue from goods used or consumed or services rendered in the State of New York.

16.    Defendants maintain a place of business in New York County at the Big Apple Conventions and ComiCon.

17.    Defendants' conduct has been reckless, willful and wanton.

18.    Defendants have acted knowingly, willfully and in bad faith.

3

## As and for a First Cause of Action

19.    Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 18 hereof with the same force and effect as if herein set forth at length.

20.    Defendants, though their conduct described herein, have made material misrepresentations of fact in the furtherance of their interests.

21.    Defendants knew that the statement attributed to plaintiff was false.

22.    Defendants intentionally made such statement so that wholesalers, distributors, retailers and the buying public would rely on such false statement.

23.    That wholesalers, distributors, retailers, the buying public and others have relied on said statement, such reliance being reasonable.

24.    As a result of Defendants' fraudulent conduct, plaintiff has been damaged in the amount of $2 million.

## As and for a Second Cause of Action

25.    Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 24 hereof with the same force and effect as if herein set forth at length.

26.    The use by defendants of plaintiff's name and personality for advertising purposes and for purposes of trade was without the consent, written or oral, of plaintiff or anyone authorized by him to give such consent, was entirely unauthorized, and constitutes a violation of Section 50 of the Civil Rights Law of the State of New York.

4

27.    Defendants have failed and refused to cease the use of plaintiff Frank Frazetta's name in their advertising.

28.    By reason of the premises, plaintiff has been and is greatly distressed and humiliated, has been exposed to public ridicule and contempt; and the plaintiff has been greatly injured in his reputation and plaintiff has been otherwise greatly injured; and the defendant has been unjustly enriched by unlawful use of the plaintiff's name and reputation as an artist.

29.    By reason of the foregoing, plaintiff has sustained damages in the amount of $2 million.

### As and for a Third Cause of Action

30.    Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 29 hereof with the same force and effect as if herein set forth at length.

31.    If defendants are permitted to continue to use plaintiff Frank Frazetta's name and personality in connection with the manufacture, distribution, advertising, promotion and sale of the book, plaintiff Frank Frazetta will be irreparably damaged in a manner and to an extent not compensable in money damages, and plaintiff Frank Frazetta has no adequate remedy at law.

32.    Defendants have acted knowingly, willfully and in bad faith.

5

33.    By reason of the foregoing and pursuant to <u>Section 51 of the Civil Rights Law of the State of New York</u>, plaintiff Frank Frazetta demands that defendants be permanently and forever enjoined and restrained from using his name or any part thereof in the manufacture, distribution, promotion or sale of the aforesaid book or any other item.

### As and for a Fourth Cause of Action

34.    Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 33 hereof with the same force and effect as if herein set forth at length.

35.    Defendants have published false and defamatory statements of fact concerning Plaintiff with the intent to injure Plaintiff in his business, trade or profession, and with ill will, knowledge of falsity, and reckless disregard for the truth.

36.    The Defendants' statements have impugned the basic integrity of Plaintiff and his business.

37.    As a result of the foregoing, Plaintiff has incurred damages in the amount of $2 million.

### As and for a Fifth Cause of Action

38.    Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 37 hereof with the same force and effect as if herein set forth at length.

6

39.    Plaintiff has contracts with publishers, including but not limited to Frazetta Prints, Underwood Publishing and Spectrum.

40.    Defendants knew or should have known of the contracts between Plaintiff and publishers, especially in light of the facts that books, including, Rough Works, was published on or about January, 2008, and new editions of Icon, Legacy and Testament were published on or about April 27, 2008.  These books feature art by Frank Frazetta.  It is believed that the book will feature art from these books for which consent has never been obtained.

41.    Defendants, intentionally, by way of fraud, misrepresentation, and deceit, improperly interfered in Plaintiff's contracts as cited herein.

42.    The interference with said contracts, which Defendants did cause, has resulted in financial damage to Plaintiff herein, including, *inter alia*, attorney fees, lost profits and harm to reputation in an amount to be determined at trial.

### As and for a Sixth Cause of Action

43.    Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 42 hereof with the same force and effect as if herein set forth at length.

44.    At all relevant times, Defendant was aware of the business relations between Plaintiff, his publisher, admirers, fans, artists, customers and potential customers.

7

45.    Despite such knowledge, Defendant purposely, wrongfully and/or unlawfully interfered with Plaintiff's business relations, by, for example, intentionally making false statements attributed to Plaintiff and using Plaintiff's talents and works for defendants' own purposes.

46.    By reason of the premises, plaintiff has been and is greatly distressed and humiliated, has been exposed to public ridicule and contempt; and the plaintiff has been greatly injured in his reputation and plaintiff has been otherwise greatly injured; and the defendant has been unjustly enriched by unlawful use of the plaintiff's name and reputation as an artist.

47.    By reason of the foregoing, plaintiff has sustained damages in the amount of $2 million.

## As and for a Seventh Cause of Action

48.    Plaintiff FRANK FRAZETTA repeats and realleges each and every allegation contained in paragraphs 1 through 47 hereof with the same force and effect as if herein set forth at length.

49.    Due to the foregoing, defendants have committed Prima *Facie* torts, thus damaging plaintiff in the amount of $2 million.

WHEREFORE, plaintiff demands,

1.    An order permanently enjoining defendant from using the name, image or likeness or any reference to Frank Frazetta;

2.    Compensatory damages of *$2,000,000*;

3.    Exemplary damages of *$500,000*;

8

4.      Other damages to be proven at trial;

5.      Requiring defendants to account to plaintiff for all proceeds derived from their wrongful conduct; and

6.      Such other and further relief as to the Court may seem just and proper under all the circumstances, including, but not limited to, plaintiff's costs and attorney's fees in this action.

Dated:      New York, New York
            July 4, 2008

The Law Office of Tedd Kessler, PC.
Attorneys for Plaintiff
302 Fifth Ave. - 8th floor
New York, N.Y. 10001
(212) 477-3200

c:\tkdata\fritz vanguard\vanguardcomplaint final.doc

9